UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON HAZZARD,

       Plaintiff,

                                     No. 13-10038
-vs-                            District Judge Stephen J. Murphy III
                                     Magistrate Judge R. Steven Whalen
SCHLEE & STILLMAN, LLC,

       Defendant.

                                 /

**REPORT AND RECOMMENDATION**

This case was brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.* Before the Court is Plaintiff's motion for attorney fees and costs under 15 U.S.C. § 1692k(a)(3) [Doc.#13], in which Plaintiff seeks $2,618.50 in attorney fees and $405.00 in costs, for a total of $3,023.50. The matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). I recommend that the motion be GRANTED to the extent that she be awarded $1,870.00 in attorney fees plus $405.00 in costs, for a total award of $2,275.00.

**I.   BACKGROUND FACTS**

This case involves a relatively simple FDCPA claim. The complaint alleges that Defendant, a debt collector, placed "at least one collection call" to Plaintiff demanding payment "for an alleged consumer debt." *Complaint*, ¶ 6. Plaintiff further alleges that Defendant left a voice mail message in which Defendant's representative "failed to disclose that the call was being placed in an attempt to collect a debt or state that the call was from a debt collector." *Id.* ¶ 10. Plaintiff therefore alleged that Defendant violated § 1692e of the FDCPA, and sought statutory damages of $1,000.00, plus costs and attorney fees.

Defendant was served with a summons and complaint on January 16, 2013 [Doc. #4]. On February 18, 2013, Defendant served Plaintiff's counsel with an offer of judgment, pursuant to Fed.R.Civ.P. 68, in the amount of $1,000.00, "plus costs and reasonable attorney's fees incurred to date, as agreed upon by the parties or as determined by the Court." *See* Doc. #7. Plaintiff accepted the offer of judgment on February 22, 2013. *See* Doc. #8. On February 28, 2013, the Court entered judgment in favor of Plaintiff. *See* Doc. #10.

Attached to Plaintiff's attorney fee petition is a Statement of Services in which attorney Ryan Lee seeks compensation for 4.9 hours @ $425; attorney Adam Hill 1.2 hours @ $290; and counsel's paralegal 1.3 hours @ $145.

## II.   LEGAL PRINCIPLES

The FDCPA authorizes the court to award attorney's fee and costs to a prevailing party. *See* 15 U.S.C. § 1692k(a) (3); *Lee v. Thomas & Thomas,* 109 F.3d 302, 306-7 (6th Cir.1997). Attorney fees awarded under this section must be reasonable. As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a *reasonable* fee is the number of hours *reasonably* expended on the litigation multiplied by a *reasonable* hourly rate." (Emphasis added). In *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987), the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."

In *Perdue v. Kenny A.*, 559 U.S. 5542, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010), the Supreme Court held that the lodestar amount is presumptively reasonable, and that an

upward enhancement from that amount for "superior performance" is impermissible, absent "rare and exceptional" circumstances. *Id.* at 1674. In so holding, *Perdue* referenced the oft-stated principle that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Id.* at 1673, quoting *Pennsylvania v. Delaware Valley Citizen's Council for Clean Air*, 478 U.S. 546, 566 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986) (internal quotation marks omitted). Thus, once the lodestar is established, a court will generally not depart upward or downward based on factors such as the complexity of the case, the experience, reputation or ability of counsel, the amount involved or the results obtained. However, those factors are most certainly relevant in arriving at the lodestar figure in the first instance, particularly in determining whether the hours claimed were *reasonably* expended within the overall context of the litigation. *See Hensley*, 461 U.S. at 434 ("The district court also should exclude from this initial [lodestar] fee calculation hours that were not 'reasonably expended'")[1]; *Aventis Cropscience, N.V. v. Pioneer Hi-Bred International, Inc.*, 2010 WL 2306677, *5, fn. 7 (M.D.N.C. 2010) (pursuant to *Perdue*, court "consider[s] the relevant *Johnson* factors only within the context of determining a reasonable number of hours and reasonable rate for the purposes of the lodestar calculation").

The purpose of fee shifting statutes such as the FDCPA is to ensure that plaintiffs

---

[1] As to specific inquiries that would be included in the initial lodestar calculation, *Hensely* referenced *Johnson v. Georgia Highway Exp., Inc*., 488 F.2d 714, 717 -720 (5th Cir. 1974), which listed the following 12 factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

whose damages may be relatively small may nevertheless obtain counsel to vindicate their federal rights. *Perdue* at 1671. Thus, "a 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Id.* at 1673. However, "[t]he primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir.1999). *See also Coulter v. State of Tennessee, supra*, 805 F.2d at 149 ("Legislative history speaks of 'fees which are adequate to attract competent counsel, but which do not produce windfalls,'..and cautions against allowing the statute to be used as a 'relief fund for lawyers'")(internal citations to Congressional Record omitted). Or, as the Fifth Circuit put it in *Johnson*, 488 F.2d at 720, "[C]ourts must remember that they do not have a mandate...to make the prevailing counsel rich." The party seeking an award of fees bears the burden of showing that the request is reasonable. *See Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1176 (6th Cir. 1990). "A request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 438.

Ultimately, the determination of what constitutes a reasonable attorney fee "is a matter that is committed to the sound discretion of a trial judge." *Perdue, supra*, 130 S.Ct. at 1676.

### III.   DISCUSSION

The Defendant does not dispute Plaintiff's status as a prevailing party or her entitlement to attorney fees under the F.D.C.P.A.  Rather, Defendant questions the reasonableness of both the hourly rate and the number of hours claimed.

#### A.   Hourly Rate

In determining a reasonable hourly rate, "courts should look to the hourly rates

prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Fuhr v. School Dist. of Hazel Park*, 364 F.3d 753, 762 (6th cir. 2004).  However, the court retains broad discretion to determine what constitutes a reasonable hourly rate.  *Id.; Wells v. New Cherokee Corp.*, 58 F.3d 233, 239 (6th Cir. 1995).

> Attorney Ryan Lee claims an hourly rate of $425 per hour, relying on a national survey of consumer lawyers and the so-called "*Laffey* matrix."  However, neither source provides much insight into reasonable attorney fees in the Eastern District of Michigan, the relevant market under *Fuhr*.  "Approved originally in *Laffey v. Northwest Airlines, Inc.,* 572 F.Supp. 354 (D.D.C.1983), *aff'd in part, rev'd in part on other grounds,* 746 F.2d 4 (D.C.Cir.1984), the *Laffey* matrix is an inflation-adjusted grid of hourly rates for lawyers of varying levels of experience in Washington, D.C. *Id.* at 371-75; *see Salazar v. District of Columbia,* 123 F.Supp.2d 8, 13 (D.D.C.2000)." *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 454 (9th Cir. 2010).  In *Prison Legal News*, the Ninth Circuit pointedly criticized the use of the matrix outside of Washington, D.C.:

> "But just because the *Laffey* matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away. It is questionable whether the matrix is a reliable measure of rates even in Alexandria, Virginia, just across the river from the nation's capital. *Robinson v. Equifax Info. Servs., LLC,* 560 F.3d 235, 245 (4th Cir.2009); *see also Grissom v. Mills Corp.,* 549 F.3d 313, 323 (4th Cir.2008) (noting that the plaintiff provided "no evidence" that the *Laffey* matrix was "a reliable indicator of the hourly rates of litigation attorneys in Reston, Virginia, a suburb of Washington, D.C."). We thus cannot fault the district court for declining to use the *Laffey* matrix."

A more accurate benchmark for determining reasonable hourly rates in this district is  the State Bar of Michigan's most recent (2011) Economics of Law Practice Survey. This places consumer lawyers in the 75th percentile of earnings bill at a rate of $350 per

hour, and those at the 95th percentile at $515 per hour. However, as I noted in *Shields v. Merchants and Medical Credit Corp., Inc*., 2011 WL 3566485, *4 (E.D.Mich. 2011), "the sample is only 33 respondents, which may not be large enough to accurately assess the reasonableness of the requested fees in this case." In *Shields*, I therefore considered the billing rates of lawyers with reasonably comparable (or greater) levels of skill, including criminal lawyers and employment lawyers, and found that consumer lawyers in the 75th percentile would reasonably bill at $300 per hour. While Mr. Lee has less than ten years experience, it would not be unreasonable to place him within the 75th percentile. Accordingly, I recommend reducing his claimed hourly rate of $425 to $300, which is much more in line with the prevailing rates in this market.

It is also reasonable to reduce attorney Adam Hill's claimed hourly rate of $290 by a roughly proportional amount, to $225 per hour, and the paralegal rate to $100 per hour.

### B. Hours Expended

It bears repeating that this was a relatively straightforward case, in which a short, boilerplate complaint was filed. Defendant argues that certain tasks were duplicative, including Mr. Lee reviewing the complaint drafted by Mr. Hill. However, the test is whether the requested hours are reasonable, not whether Defendant's counsel or another attorney could have accomplished the tasks in less time.

In addition, Defendant argues that the 0.9 hours expended after the offer of judgment was tendered should not be compensable. However, it would not, in my view, be reasonable for an attorney to accept an offer of judgment without first discussing the matter thoroughly with his or her client.

I find that the 6.1 hours claimed for total attorney time is reasonable, as are the 1.3 hours for paralegal time. The final calculation is as follows:

Attorney Lee, 4.9 hours @ $300:     $1,470.00

Attorney Hill, 1.2 hours @ $225:    $270.00

Paralegal, 1.3 hours @ $100:        $130.00

Costs:                              $405.00

TOTAL:                              <u>$2,275.00</u>

### IV.    CONCLUSION

I therefore recommend that Plaintiff's Motion for Attorney Fees [Doc. #13] be GRANTED to the extent that she be awarded $1,870.00 in attorney fees plus $405.00 in costs, for a total award of $2,275.00

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the

court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: January 13, 2014          s/ R. Steven Whalen
                                             R. STEVEN WHALEN
                                             UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on January 13, 2014, electronically and/or by U.S. mail.

                                             s/Michael Williams
                                             Case Manger for the
                                             Honorable R. Steven Whalen